IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PEARLINA S. STORY, )
)
Plaintiff, )
)
v. ) Civil Action No. 13-166
) Judge Nora Barry Fischer
REPUBLIC FIRST BANK, a/k/a REPUBLIC )
BANK, MARY F. GETHERS, CRS/Teller, )
and ROBERT OPFERMAN, )
)
Defendants. )

## ORDER OF COURT

AND NOW, this 4th day of February, 2013, upon consideration of *pro se* Plaintiff

Pearlina S. Story's Complaint, (Docket No. [3]),

IT IS HEREBY ORDERED that the above captioned matter is DISMISSED, without

prejudice, for lack of subject matter jurisdiction.

At issue is the Court's "very power to hear the case." *Mortensen v. First Federal Savings*

*& Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The Supreme Court has stressed the limited

scope of federal court jurisdiction in unambiguous terms:

> Federal courts are courts of limited jurisdiction. They possess only
> that power authorized by Constitution and statute, which is not to
> be expanded by judicial decree. It is presumed that a cause lies
> outside this limited jurisdiction, and the burden of establishing the
> contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see also Zambelli*

*Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010) ("[f]ederal courts are courts of

limited jurisdiction"). If this Court determines that subject matter jurisdiction is lacking, Rule

12(h)(3) of the Federal Rules of Civil Procedure authorizes and mandates dismissal of the action.

*See id.* ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action.").

Generally, this Court exercises subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332. However, in this Court's estimation, Plaintiff's filings fail to establish the existence of federal jurisdiction on either basis.

In order to invoke this Court's diversity jurisdiction pursuant to § 1332, there must be "complete diversity of citizenship." *LaSala v. Bordier et Cie*, 519 F.3d 121, 139 (3d Cir. 2008). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Plaintiff holds herself out as a resident of Wilkinsburg, Allegheny County, Pennsylvania. (Docket No. 1-1, at 1). She alleges that Defendant Republic First Bank operates within the state of Pennsylvania "with principle [sic] offices located at 1600 Market Street, in the City of Philadelphia." *Id.* at 1-2. She further represents that Defendants Mary F. Gethers and Robert Opferman are residents of Philadelphia, which is in Pennsylvania. *Id.* Accordingly, the parties are not completely diverse.

Moreover, the Court can discern no cognizable federal law claim. Plaintiff describes her dispute with Defendants as one involving the wrongful taking of money:

> Pearlina S. Story, Plaintiff, alleges that the relationship between plaintiff and defendant or other circumstances appropriate to an accounting was improper and illegal. Plaintiff states that Republic Bank would not let Plaintiff, Pearlina S. Story cash the check written from a client of the bank and took money from Plaintiff's account without Plaintiff's authorization.

(Docket No. 1-1, at ¶ 8). Although she indicated that this case implicated federal question

jurisdiction on the civil cover sheet attached to the complaint, she only cites to the numbers "370" and "430" when prompted to provide the federal statute under which she sought recovery. (Docket No. 1-4, at 1). The Court notes that the box "370 Other Fraud" was checked in the "Torts" part of the "Nature of Suit" section. *Id.* The box "430 Banks and Banking" was left unchecked. *Id.* Plaintiff further describes her claims as "Fraud and Misappropriation/Theft of Deposits c/o Republic First Bank." *Id.* In this Court's opinion, there are no facts pled in Plaintiff's Complaint that provide any reason to believe that this fraud or conversion dispute implicates federal law.

Based on the information contained in the filings before the Court, it cannot be concluded that subject matter jurisdiction exists over this action. The Court reiterates that "[t]he burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F. App'x 161, 162-63 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). Here, Plaintiff has simply failed to meet said burden. For these reasons, this action is DISMISSED, without prejudice. The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:        February 4, 2013


cc:           Pearlina S. Story
              1447 Foliage Street
              Pittsburgh, PA  15221
              (regular and certified mail)

3